READING, Administrator, Appellant, v. HUTTON, Respondent.

(171 N. W. 319).

(File No. 4420.   Opinion filed March 29, 1919.)

**Appeals—Negligence—Death from Personal Injury—Conflicting Evidence, Sufficiency.**

Where, in a suit for personal injury causing death of plaintiff's child by defendant's automobile, the only question on appeal is whether evidence justified verdict, held, there being much conflict in the evidence, and that submitted by defendant, if believed by jury, being sufficient to sustain verdict, judgment will be affirmed.

Appeal from Circuit Court, Moody County.   Hon. Joseph W. Jones, Judge.

Action by Earl A. Reading, as administrator of the Estate of

Frank E. Reading, deceased, against Arthur Hutton, to recover damages for personal injuries causing the death of plaintiff's child. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Affirmed.

*Aikens & Judge,* for Appellant.

*Ira F. Blewitt,* for Respondent.

McCOY, J. Action for personal injury causing the death of Frank E. Reading, a child of the age of about 4 years, son of appellant, which injury was alleged to have resulted from the negligence of the defendant in operating and running his automobile upon and over said child. There was verdict and judgment in favor of defendant, and plaintiff appeals.

The only question raised by this appeal is whether or not the evidence was sufficient to justify the verdict. There was much conflict in the evidence, and it will serve no useful purpose to recite the same in this opinion. That was purely a question of fact, to be decided by the jury. We are of the opinion that the evidence submitted on the part of defendant, if believed by the jury, was sufficient to sustain the verdict.

The judgment and order appealed from are affirmed.